tax shall be the amount which bears the same ratio to the net income of the taxpayer for the taxable year as the average tax of representative corporations engaged in a like or similar trade or business bears to their average net income for such years.

The House recedes with amendments:

(1) Making clerical changes;

(2) Consolidating a number of separate classes of cases differentiated in the Senate amendment into a single class of cases  *  *  *.

It thus seems that the purpose of section 327, as finally passed, was to consolidate the provisions set out separately in the amendments which enlarged the scope thereof within a single class of cases. In my opinion, it was not the intention of Congress to make section 327 any narrower than the language of the amendments clearly and specifically provided.

Even the most strict construction of section 327, in my opinion, would warrant my view in this appeal, but this being admittedly relief legislation, it should be given a broad and liberal construction.

I readily agree that there is not sufficient evidence in this appeal to entitle the taxpayer to relief under section 328, because no evidence of the taxes paid by representative concerns has been introduced, and this being true, we have no means of knowing whether the taxpayer has suffered an exceptional hardship as evidenced by gross disproportion between the tax computed without the benefit of this section and the tax computed by reference to representative corporations specified in section 328. However, this does not mean that there was not an abnormality in the capital of this taxpayer, and the Board, in other appeals, has determined that there was abnormality in capital or income and has referred the case back to the Commissioner for the selection of proper comparatives. Since an abnormality in capital clearly exists in this appeal, I differ from the Board in that I think the case should be referred to the Commissioner for the selection of comparatives and the determination of the tax based upon the use thereof.

PHILLIPS concurring.

---

## APPEAL OF GORDON FURNITURE CO.

Docket No. 2470.  Submitted October 30, 1925.  Decided January 14, 1926.

*Albert H. Winter, C. P. A.*, for the taxpayer.

*Briggs G. Simpich, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

The Commissioner determined a deficiency for 1920 of $3,915.69, of which the taxpayer admits part and appeals from so much thereof as results from the disallowance of a deduction of $7,205, representing an alleged additional salary of the president for that year.

### FINDINGS OF FACT.

The taxpayer is an Indiana corporation, with its principal place of business at Indianapolis. It was incorporated in the spring of 1919 and began business the following September.

On February 5, 1920, its directors adopted the following, as shown by the minutes:

On motion made by Mr. Melville S. Cohn, and duly seconded, the president of the company was authorized to fix all salaries of executive officers, including his own, to increase or decrease same as in his judgment conditions warranted, and to take such steps, with relation to financial management of the company's assets, as were in his judgment, for the company's welfare.

The motion being put upon its passage was unanimously adopted.

The president, during the taxable year and theretofore, received a fixed salary of $6,300 a year.

About the 1st of December the president told the bookkeeper that the president's salary was to be increased. The president had increased the salaries of several others, including the vice president, and said to the bookkeeper at that time that the increase in the president's salary, based upon the business done in the 11 months already passed, would be in the neighborhood of $7,000, but that the exact amount would be ascertained after the close of the year. About December 31, 1920, or January 1, 1921, the bookkeeper was told the amount of the increase would be $7,205, and was directed to enter it in the books. The bookkeeper forgot to make the entry before the books were closed. Sometime in March, when the president was going over his account, he called the bookkeeper's attention to the omission, and an entry was then made.

The president included the amount as gross income in his individual income-tax return for 1920.

### DECISION.

The item of $7,205 paid to the president as salary is properly deductible by the corporation in its return for 1920. The deficiency should be computed accordingly. Final determination will be settled on 10 days' notice, under Rule 50.